IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BERNARD TOCHOLKE,

    Plaintiff,

     v.                                     Case No. 2007-C-0831

JUDGE MARY K. WAGNER, JUDGE
ANTHONY MILISAUSKAS, JUDGE BRUCE
E. SCHROEDER, CITY OF KENOSHA,
KENOSHA COUNTY CORPORATION
COUNSEL, CATHY HAHN, JAMES C.
ALEXANDER, ATTORNEY JOHN
ANTHONY WARD, ATTORNEY NICOLE L.
BETTIGS, and ATTORNEY TOM W.
ANDERSON, JR. ,

    Defendants.

BRIEF OF STATE DEFENDANTS IN
SUPPORT OF MOTION TO DISMISS

STATEMENT OF THE CASE

    This is a civil rights action. The plaintiff is Bernard Tocholke. The defendants are three State of Wisconsin circuit court judges (Judge Mary Wagner, Judge Anthony Milisauskas, and Judge Bruce Schroeder), a state Office of Lawyer Regulation investigator (Cathy Hahn), and the state Judicial Commission executive director (James Alexander) (collectively the "State Defendants"), the City of Kenosha, the Kenosha

County Corporation Counsel, and three private attorneys (John Ward, Nicole Beddigs, and Tom Anderson).

Attorney Ward represented Tocholke in a divorce action. Tocholke alleges that Attorney Ward (1) falsely told him that he would have to file a divorce action, which he did not want, in order to see his children, (2) allowed his business to be destroyed, (3) forced him to sell his home at a loss to ensure a quick sale, (4) charged him $75 just to read a letter from his accountant, refused to act on the letter, and failed to call his accountant (who he told Attorney Ward was expecting Attorney Ward's call) for an explanation of his taxes, (5) moderately argued in his favor in the courtroom but aggressively argued against him in the hallways or in Attorney Ward's office, (6) prepared a marital settlement agreement with his wife's input but without his input until the moment that he was forced to sign the agreement, and (7) told him that the agreement was the best he could do and that he had better sign the agreement in he did not want to lose the two oldest boys who were in his placement.[1]

Tocholke filed a complaint against Attorney Ward with the state Office of Lawyer Regulation, which was investigated by Cathy Hahn. Hahn decided that there were no violation of state rules regulating the conduct of attorneys.

Tocholke alleges that Judge Wagner (1) refused or rejected his request to re-calculate his income, and that she became angry at him when he claimed that his income

---

[1] The allegations in Tocholke's complaint are taken as true for purposes of the state defendants' motion to dismiss.

was "framed," (2) stated that he had larger arrearages that he actually had and sentenced him to three months in jail even though he had paid $18,000 in 22 months, (3) refused to hear his motion for a re-calculation of his income, based upon errors and a change of circumstances, (4) sentenced him to three more months in jail, and (5) recused herself after he created a website stating that she had "a possible DUI that she has skipped out of serving jail time on."

Tocholke alleges that Judge Milisauskas (1) condemned a "booklet of facts" simply because he stapled a blue cover to it, (2) rescheduled his hearing but then recused himself, and (3) failed to notify him of the rescheduled hearing.

Tocholke alleges that Judge Schroeder postponed and failed to schedule a hearing he requested.

Tocholke alleges that state Judicial Commission executive director James Commission refused to investigate charges against Judges Wagner, Milisauskas, or Schroeder because Alexander says there is no misconduct.

Tocholke alleges that he was falsely imprisoned and that he was financially destroyed by intentional errors that were rejected by the judicial system. He requests compensation for the "judicial conspiracy" against him. He also seeks compensation for his sons. Finally, he wants Judge Wagner to serve jail time, like a "common citizen," if she has a second DUI.

The state defendants have moved to dismiss this action against them on the grounds of judicial or quasi-judicial immunity, prosecutorial immunity, Eleventh

- 3 -

Amendment immunity, the *Rooker-Feldman* doctrine, the abstention doctrine, qualified immunity, and insufficiency of service of process and lack of personal jurisdiction. This brief is submitted in support of the motion.

ARGUMENT

I. THIS ACTION FOR MONETARY DAMAGES AGAINST JUDGES WAGNER, MILSAUSKAS, AND SCHROEDER IS BARRED BY JUDICIAL IMMUNITY.

Judges are absolutely immune for their judicial acts from civil suits for damages. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity is premised upon the "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *See id.* at 355, *quoting Bradley v. Fisher*, 80 U.S. 335, 13 Wall 335, 347, 20 L. Ed 646 (1871). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *See id..* at 356-57, *quoting Bradley*, 13 Wall at 351. The scope of the judge's jurisdiction must be construed broadly where the issue concerns the judge's immunity from liability. *See id*. The doctrine of judicial immunity even extends to federal civil rights actions. *See id*.

- 4 -

Judges are absolutely immune for their judicial acts from civil suits for damages. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity is premised upon the "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *See id.* at 355, *quoting Bradley v. Fisher*, 80 U.S. 335, 13 Wall 335, 347, 20 L. Ed 646 (1871). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *See id.* at 356-57, *quoting Bradley*, 13 Wall at 351. The scope of the judge's jurisdiction must be construed broadly where the issue concerns the judge's immunity from liability. *See id*. The doctrine of judicial immunity even extends to federal civil rights actions. *See id*.

In this case, Tocholke complains that Judge Wagner twice refused his request to recalculate his income, jailed him twice, and recused herself. He complains that Judge Milisauskas rescheduled a hearing, recused himself, and failed to notify him of the rescheduled hearing. He alleges that Judge Schroeder postponed and failed to reschedule a hearing that he requested. All such actions clearly were judicial actions. Consequently, the Judges Wagner, Milisauskas, and Schroeder are entitled to judicial immunity from

- 5 -

liability for the performance of such judicial acts.[2]

## II. THIS ACTION FOR MONETARY DAMAGES AGAINST HAHN AND ALEXANDER IS BARRED BY QUASI-JUDICIAL IMMUNITY.

The same policy that supports judicial immunity for judges also supports immunity for non-judicial officers that perform quasi-judicial duties akin to those performed by judges. *See Ford v. Kenosha County*, 160 Wis. 2d 485, 497-98, 466 N.W.2d 646 (1991); *see also Silver v. Dickson*, 403 F.2d 642 (9th Cir. 1968), *cert. denied*, 394 U.S. 990 (1969). Accordingly, in this case, insofar as Tocholke is challenging determinations by Hahn that Attorney Ward did not violate any state rules regulating the conduct of attorneys, and by Alexander that Judges Wagner, Milisauskas, and Schroeder did not engage in any judicial misconduct, Hahn and Alexander are entitled to quasi-judicial immunity from liability for the performance of such judicial acts.

## III. PROSECUTORIAL IMMUNITY BARS THIS SUIT AGAINST HAHN AND ALEXANDER.

A prosecutor has absolute immunity for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ford v. Kenosha County,*

---

[2] Tocholke suggests that even if the judges are immune, he can sue their "employer" which is the City of Kenosha or Kenosha County. Tolcholke is wrong both in his premise and in his conclusion. The judges are state officials, *see* Wis. Stat. § 753.07(1), not city or county officials. In addition, regardless of their employment status, they are entitled to judicial immunity as individuals. Finally, the State of Wisconsin is immune from a civil rights suit. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979).

160 Wis. 2d 485, 506, 466 N.W.2d 646, 654-55 (1991); *Reidy v. Sperry,* 83 Wis. 2d 158, 168, 265 N.W.2d 475, 480 (1978); *Bergman v. Hupy*, 64 Wis. 2d 747, 752, 221 N.W.2d 898, 900 (1974); *Bromund v. Holt*, 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964). "The duty of the prosecutor is to bring to trial those individuals whom he reasonably believes are guilty of the crime with which they are charged. So long as he acts within the scope of this duty, he is immune from civil liability." *McDonald v. State of Illinois*, 557 F.2d 596, 602 (7th Cir.), *cert. denied*, 434 U.S. 966 (1977).

This absolute immunity applies even if the prosecutor presents false evidence, *Burns v. Reed*, 500 U.S. 478, 490 (1991), willfully suppresses exculpatory evidence, *Imbler v. Pachtman* , 424 U.S. at 431 n. 34, or does other acts maliciously, in excess of authority, or flawed by grave procedural error. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). *Also see Auriemma v. Montgomery*, 860 F.2d 273, 279 (7th Cir. 1988) (a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information). *See generally*, Annot., *Prosecutorial Immunity*, 67 ALR Fed 640 (1984).

Accordingly, in this case, insofar as Tocholke is challenging determinations by Hahn not to initiate a disciplinary proceeding against Attorney Ward and by Alexander not to initiate misconduct proceedings against Judges Wagner, Milisauskas, and Schroeder, Tocholke's claims for monetary damages against Hahn and Alexander are barred by prosecutorial immunity and must be dismissed.

> IV. **THIS ACTION AGAINST THE STATE DEFENDANTS IN THEIR OFFICIAL CAPACITY IS BARRED BY THE ELEVENTH AMENDMENT.**

The Eleventh Amendment to the United States Constitution denies federal courts the authority to entertain suits brought by private parties against a state without the state's consent. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Circuit courts are part of the judicial branch of Wisconsin state government. *See* Wis. Const. art. VII, sec. 2. Eleventh Amendment immunity extends to state officials when they are sued for damages in their official capacity. *See Graham,* 473 U.S. at 169. State judges are state officials. *See* Wis. Stat. § 753.07(1). So are state employees like Hahn and Alexander. Consequently, this action against the state defendants for damages in their official capacity is barred by the Eleventh Amendment.

> V. **INSOFAR AS TOCHOLKE SEEKS REVIEW OF ANY FINAL DECISION IN A STATE CIRCUIT COURT CASE, THIS ACTION IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.**

A district court lacks authority to review final judgments of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Ritter v. Ross*, 992 F.2d 750, 752-53 (7th Cir. 1993). "Litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996). Consequently, insofar as Tocholke seeks review of any final decision in a state circuit court case, this action is barred by the *Rooker-Feldman* doctrine.

- 8 -

## VI. INSOFAR AS TOCHOLKE SEEKS REVIEW OF ANY NON-FINAL DECISION IN A STATE CIRCUIT COURT CASE, THIS ACTION IS BARRED BY THE ABSTENTION DOCTRINE.

In *Younger v. Harris*, 401 U.S. 37, 43 (1971), the United States Supreme Court held that federal courts are precluded from interfering with ongoing state criminal proceedings in order to preserve the longstanding principle of permitting "state courts to try state cases free from interference by federal courts"; *see also Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). This non-interference principle stems from two sources: the doctrines of equity jurisprudence and comity. *See Younger*, 401 U.S. at 43-44. In *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986), the Court extended the *Younger* abstention doctrine to apply to state civil and administrative proceedings in the same manner as it applies to state criminal court proceedings. *See Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996).

Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or to dismiss the federal action in favor of state court litigation. *See Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 125 S. Ct. 1517, 1527 (2005). This is true even if the district court is not deprived of jurisdiction by the *Rooker-Feldman* doctrine. *See id*.

Abstention is particularly appropriate in state family court actions like this case. Tocholke ultimately may challenge any non-final decision made in his state court divorce action in the state appellate courts. As a matter of comity, it is more appropriate for Wisconsin courts to interpret and apply state law since such interpretation and application

- 9 -

may limit or eliminate the need for this court to resolve some of the issues that he raises in this case. Tocholke then could appeal any adverse state court decision through the Wisconsin courts and ultimately to the United States Supreme Court. *Cf. Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996).

### VII. TOCHOLKE'S CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY QUALIFIED IMMUNITY.

Government officials performing discretionary functions are entitled to qualified immunity as long as their conduct "does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The law must have been clearly established at the time that the conduct occurred. *See id*. Qualified immunity is immunity from suit, not a mere defense to liability. *See Arneson v. Jezwinski*, 206 Wis. 2d 217, 223, 556 N.W.2d 721 (1996), *quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The purpose of qualified immunity is to protect government officials from the burdens of litigation, and to permit them to perform their governmental duties and to exercise their discretion without distraction. *See id; Harlow*, 457 U.S. at 816.

In this case, Tocholke does not identify any conduct of the state defendants that violates any clearly established statutory or constitutional rights of which a reasonable person would have known at the time. Accordingly, the claims against the state defendants are barred by qualified immunity.

VIII. THE COURT LACKS PERSONAL JURISDICTION OVER JUDGES WAGNER, MILISAUSKAS, AND SCHROEDER BECAUSE OF INSUFFICIENCY OF SERVICE OF PROCESS.

Federal rules require that the summons and complaint be served upon a defendant, in order for the court to acquire personal jurisdiction over the defendant. *See* Fed. R. Civ. P. Rule 4(c). In this case, while Tocholke has served his summons and complaint upon Hahn and Alexander, he has not served his summons and complaint on Judges Wagner, Milisauskas, or Schroeder. Accordingly, the court does not have personal jurisdiction over the judges because of insufficiency of service of process.

## CONCLUSION

The state defendants respectfully request that the court their motion and enter judgment dismissing this action against them.

> s/David C. Rice
> DAVID C. RICE   State Bar # 1014323
> Assistant Attorney General
> Attorneys for State Defendants
> Wisconsin Department of Justice
> Post Office Box 7857
> Madison, Wisconsin 53707-7857
> Telephone: 608-266-6823
> Fax:  608-267-8906
> E-Mail: **ricedc@doj.state.wi.us**