UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BERNARD TOCHOLKE,

    Plaintiff,

v.                                        Case No. 07-C-0831

MARY K. WAGNER,
ANTHONY MILISAUSKAS,
BRUCE E. SCHROEDER,
THOMAS W. ANDERSON, JR.,
NICOLE L. BEDDIGS,
JOHN ANTHONY WARD,
JAMES C. ALEXANDER,
CATHY HAHN,
KENOSHA COUNTY CORPORATION COUNSEL,
PATRICK SHEEHAN,
ALLEN KEHL,
MAYORS OFFICE CITY OF KENOSHA,
KENOSHA COUNTY COURTHOUSE,

    Defendants.

DECISION AND ORDER GRANTING DEFENDANTS
ALLEN KEHL, KENOSHA COUNTY CORPORATION COUNSEL, AND
KENOSHA COUNTY COURTHOUSE'S MOTION TO DISMISS (DOC. # 7),
GRANTING DEFENDANT JAMES C. ALEXANDER, CATHY HAHN, ANTHONY
MILISAUSKAS, BRUCE E. SCHROEDER, AND MARY K. WAGNER'S MOTION TO
DISMISS (DOC. # 13), GRANTING DEFENDANT MAYOR'S OFFICE CITY OF
KENOSHA AND PATRICK SHEEHAN'S MOTION TO DISMISS (DOC. # 16),
GRANTING NICOLE L. BEDDIGS' MOTION TO DISMISS (DOC. # 22), DECLINING
TO EXERCISE SUPPLEMENTAL JURISDICTION,
AND DISMISSING CASE

Pro se plaintiff Bernard Tocholke filed this lawsuit on September 17, 2007, and paid the $350 filing fee. Since that time, all defendants have answered and/or moved to dismiss the complaint, with the exception of Thomas W. Anderson, Jr. The court conducted a motion hearing on Friday, January 25, 2008. For the reasons set forth below and on the record, the case will be dismissed.

Tocholke has sued various circuit court judges, an investigator from the Office of Lawyer Regulation, the Judicial Commission Executive Director, the Kenosha County Courthouse, County Executive and Mayor's Office, and three private attorneys regarding the events surrounding his divorce proceedings. Tocholke filed a petition for divorce in April 8, 2002, in Kenosha County. *Bernard Tocholke v. Shereen Tocholke*, Case No. 2002FA000365. According to the Statement of Claim filed by Tocholke, Attorney John Anthony Ward initially represented Tocholke, and Judge Mary Kay Wagner was assigned to the case. Tocholke claims that Ward lied to him by telling him he would have to file for divorce to see his children, and sell his home at a loss to ensure a quick sale. Ward allegedly charged him $75 to read a letter from Tocholke's accountant, but never contacted the accountant. Tochollke also claims that Ward consulted Tocholke's wife about the settlement agreement while telling Tocholke to sign the agreement unless he wanted to lose his two oldest boys. After Tocholke contacted the Office of Lawyer Regulation regarding Ward's representation, defendant Cathy Hahn investigated his complaint. Hahn found no problems with Ward's representation.

Tocholke alleges that Attorney Tom Anderson calculated child support payments at an unreasonable rate. Tocholke explains in the complaint that he is suing the City of Kenosha "for what the judges have done." For example, Judge Wagner allegedly refused or rejected the idea of recalculating his child support payments, and "lied and slandered" Tocholke with a larger arrear than what was owed. Tolcholke maintains that Judge Wagner ran out the side door when he entered the courtroom, and sentenced him to three more months in jail. According to Tocholke, Judge Wagner recused herself once he alleged on his website, www.screwedkenoshastyle.com, that Judge Wagner "skipped out" of serving jail time on a DUI.

2

Tocholke alleges that Judge Milisauskas "condemned everything about a booklet of facts" because it had the wrong cover stapled to it, rescheduled a hearing, recused himself, and then never rescheduled the meeting. Judge Bruce Schroeder allegedly had "no objection" to the religious cult beating Tocholke's children, and postponed Tocholke's hearing twice. According to Tocholke, James Alexander and the Judicial Commission have refused to investigate the judges because there was no misconduct. Finally, Tocholke alleges that Nicole Beddings, the Guardian ad litem, saw no harm in allowing his children to be involved with the cult.

As a result of the aforementioned conduct, Tocholke claims he lost everything and would like compensation for the "judicial conspiracy." He also seeks compensation for Judge Mary K. Wagner's decision which allegedly forced his oldest son to quit school.

### DEFENDANTS KENOSHA COUNTY, THE OFFICE OF KENOSHA COUNTY CORPORATION COUNSEL, KENOSHA COUNTY COURTHOUSE AND ALLAN KEHL'S MOTION TO DISMISS (DOC. # 7)

Defendants Allen Kehl, the Office of Kenosha County Corporation Counsel Kenosha County Courthouse and Kenosha County filed a motion to dismiss pursuant to Rule 12(b)(6).[1] Tocholke admits that he has sued the Kenosha defendants because they employ the judges, who are otherwise immune. The Kenosha defendants ask the court to take judicial notice that each of the judges identified in the complaint, Mary K. Wagner, Anthony Milisauskas, and Bruce E. Schroeder, are judges sitting in the Second Judicial District of Wisconsin, Kenosha County Circuit Court,[2] and that Allan Kehl is the County Executive of Kenosha County.[3] In Wisconsin, circuit court judges are compensated as

---

[1]Kenosha County was not separately identified as a defendant by Tocholke.

[2]http://www.co.kenosha.wi.us/clercourt/judgecomm.html.

[3]http://www.co.kenosha.wi.us/countyexec/

3

state employees. Wis. Stat. § 753.07(1) Hence, Kenosha County is not their employer and cannot be sued for the conduct of these judges.

In addition, there are several other reasons to grant the Kenosha defendants' motion to dismiss. First, the doctrine of respondeat superior does not apply in § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Second, the Kenosha County Corporation Counsel is not a suable entity distinct from Kenosha County. Third, the courthouse is not a "person" within the meaning of 42 U.S.C. § 1983 and therefore cannot be sued under that statute. Finally, Tocholke has failed to allege any personal involvement by Allen Kehl. Accordingly, Tocholke has failed to state any basis upon which he can proceed against these Kenosha defendants and their motion to dismiss will be granted.

## DEFENDANTS MARY K. WAGNER, ANTHONY MILISAUSKAS, BRUCE E. SCHROEDER, CATHY HAHN, AND JAMES ALEXANDER'S MOTION TO DISMISS (DOC. # 13)

Next, various state defendants have moved to dismiss on the grounds of judicial or quasi-judicial immunity, prosecutorial immunity, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, the abstention doctrine, qualified immunity, and insufficiency of service of process and lack of jurisdiction.

As an initial matter, defendants allege that Tocholke has not served his summons and complaint on Judges Wagner, Milisauskas, or Schroeder. The court notes that on September 27, 2007, there were a number of executed summonses filed with this court but none indicating that these particular judges had been served. Hearing nothing from Tocholke and finding no evidence in the record, the court finds no basis upon which to assert personal jurisdiction over these defendants.

4

Even if Tocholke had properly served the circuit court judges, they are absolute immune from suits for damages that complain of their judicial acts. *Forrester v. White*, 484 U.S. 219, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Thus, to the extent Tocholke's claims against the state circuit court judges are based on his dissatisfaction with their judicial decisions, there is no arguable basis in fact or law for his claims. Tocholke specifically challenges income recalculation, incarceration, scheduling, and recusals.

Similarly, defendants Hahn and Alexander are protected by quasi-judicial immunity for their investigation of Attorney Ward and the judges. *See Kissell v. Breskow*, 579 F.2d 425, 430 (7th Cir. 1978) (holding that because Executive Secretary's "duties involve[d] the investigating of alleged attorney misconduct, presenting recommendations to the Disciplinary Commission, and prosecuting cases of attorney misconduct before the Indiana Supreme Court, they are clearly as much quasi-judicial functions as are those of prosecutors"). Finally, any official capacity claim against the judges, Hahn or Alexander is barred by the sovereign immunity of their employer, the State of Wisconsin. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

## DEFENDANTS CITY OF KENOSHA (MAYOR'S OFFICE) AND PATRICK SHEEHAN'S MOTION TO DISMISS (DOC. # 16)

The City of Kenosha and City Attorney Patrick Sheehan also filed a motion to dismiss. The City of Kenosha is not separately identified as a defendant, but appears because Tocholke named the Mayor's Office which is not a separate suable entity.

The City defendants' motion will be granted for two reasons. First, Tocholke failed to properly serve these defendants with a summons and complaint. Hence, the court

5

lacks personal jurisdiction over the City, Mayor's Office or Sheehan. Second, Tocholke fails to state a claim. The Mayor's Office and/or City are sued as the alleged employer of the judges, but the judges are state employees. *See* Wis. Stats. §§ 753.07(1), 753.19. Sheehan is named as a defendant but there are no substantive allegations in the complaint regarding any personal involvement. Accordingly, the Mayor's Office and Sheehan will be dismissed.

DEFENDANT NICOLE BEDDIGS' MOTION TO DISMISS (DOC. # 22)

Defendant Nicole Beddigs moves to dismiss the claims against her for failure to state a claim upon which relief can be granted. Beddings was the guardian ad litem appointed for Tocholke's children, and Tocholke challenges her recommendations. Similar to the judges, Hahn, and Alexander, Beddigs has immunity for the performance of her duties in the family court matter. *See Paige K.B. v. Molepske*, 219 Wis.2d 418, 580 N.W.2d 289 (1998); *see also Scheib v. Grant*, 22 F.3d 149 (7th Cir. 1994) (holding that absent absolute immunity, the specter of litigation would hang over a guardian ad litem's head, thereby inhibiting a guardian ad litem in performing the duties essential to the welfare of the child whom the guardian ad litem represents).

DEFENDANTS THOMAS W. ANDERSON, JR. AND JOHN ANTHONY WARD

Attorneys Anderson and Ward are the only remaining defendants. Although, neither attorney has filed a motion to dismiss, the court has dismissed all claims over which it had original jurisdiction. In such a case, the court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. S 1367(c)(3). Indeed, the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. *Wright v. Associated Ins. Cos. Inc.*, 29 F. 3d 1244, 1251 (7th Cir. 1994).

Now, therefore,

IT IS ORDERED that defendants Allen Kehl, Kenosha County Corporation Counsel, and Kenosha County Courthouse's motion to dismiss is granted. (Doc. # 7)

IT IS FURTHER ORDERED that defendant James C. Alexander, Cathy Hahn, Anthony Milisauskas, Bruce E. Schroeder, and Mary K. Wagner's motion to dismiss is granted. (Doc. # 13)

IT IS FURTHER ORDERED that defendant Mayor's Office (City of Kenosha) and Patrick Sheehan's motion to dismiss is granted. (DOC. # 16)

IT IS FURTHER ORDERED that defendant Nicole Beddigs' motion to dismiss is granted. (DOC. # 22)

IT IS FURTHER ORDERED that this court declines to exercise supplemental jurisdiction over defendants John Anthony Ward and Thomas W. Anderson, Jr.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.

C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE